**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4225**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GARRETT MICHAEL CARRIGAN,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  Irene M. Keeley, Senior District Judge.  (5:09-cr-00043-IMK-MJA-1)

Submitted:  July 27, 2022                           Decided:  August 17, 2022

Before MOTZ and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

**ON BRIEF:**  Kristen M. Leddy, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant.  William Ihlenfeld, United States Attorney, Wheeling, West Virginia, Zelda E. Wesley, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Garrett Michael Carrigan appeals the judgment revoking his supervised release and imposing a 12-month prison term and a 25-year term of supervised release. Counsel initially filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the 25-year term of supervised release is unreasonable. Although advised of his right to file a pro se supplemental brief, Carrigan did not do so. The Government declined to file a response brief. After conducting our *Anders* review, we ordered supplemental briefing to address the potentially meritorious issues of whether the district court adequately considered the policy statement range applicable to Carrigan and whether there is reversible error in this case under *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), and *United States v. Singletary*, 984 F.3d 341 (4th Cir. 2021). The parties filed supplemental briefs on these issues. We affirm in part, vacate in part, and remand for resentencing.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). This court "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* Before deciding "whether a revocation sentence is plainly unreasonable, this [c]ourt must first determine whether the sentence is procedurally or substantively unreasonable." *Id.*

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United*

2

*States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted), *cert. denied*, 141 S. Ct. 1252 (2021). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the [district] court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Id.* (internal quotation marks omitted). Only if this court finds a revocation sentence unreasonable does it consider whether the sentence "is plainly so, relying on the definition of plain used in our plain error analysis—that is, clear or obvious." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017) (cleaned up). "If a revocation sentence-even an unreasonable one-is not plainly unreasonable, we will affirm it." *Id.* (internal quotation marks omitted).

Where, as here, a defendant fails to preserve a claim of procedural sentencing error, our review is for plain error. *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). To satisfy this standard, Carrigan "must show (1) that the district court erred, (2) that the error is clear or obvious, and (3) that the error affected his substantial rights, meaning that it affected the outcome of the district court proceedings." *Id.* at 640-41 (internal quotation marks omitted). "Even when this burden is met, we retain discretion whether to recognize the error and will deny relief unless the district court's error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 641 (cleaned up).

A district court imposing a sentence on revocation of supervised release "must consider the Chapter Seven policy statements . . . applicable to revocation sentences." *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010); *see* 18 U.S.C. § 3553(a)(4)(B). This duty requires that the policy statement range the district court

3

considers be correctly calculated.  *See Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904 (2018).

The Guidelines require consideration of the policy statement range established under § 7B1.4.  U.S. Sentencing Guidelines Manual § 7B1.3(b), p.s. (2018); *see Thompson*, 595 F.3d at 547.  A defendant, like Carrigan, with Grade C violations of supervised release and a criminal history category of III is subject to an advisory policy statement range of 5 to 11 months' imprisonment.  USSG § 7B1.4(a), p.s. (sentencing table).  In sentencing Carrigan, however, the district court applied criminal history category IV to Carrigan's Grade C violations, calculated his advisory policy statement range at 6 to 12 months' imprisonment, and considered that range as the applicable policy statement range.  The district court thus committed error qualifying as plain.  *See United States v. Ramirez-Castillo*, 748 F.3d 205, 215 (4th Cir. 2014) (describing "plain" error).

The district court also stated that Carrigan's history and characteristics demanded an incarceration term at the "high end" of the policy statement range, which it determined was 12 months rather than the 11-month term that applied.  The record does not disclose the sentence the district court would have imposed had it calculated and considered the correct policy statement range.  The district court's error therefore affected Carrigan's substantial rights.  *See Molina-Martinez v. United States*, 578 U.S. 189, 201 (2016).  Further, we conclude that the error seriously affected the fairness of the proceeding, warranting correction.  *See Rosales-Mireles*, 138 S. Ct. at 1903, 1907-08, 1911.

As noted, in the *Anders* brief, counsel also questions the reasonableness of Carrigan's supervised release term.  Although the term falls within the supervised release

4

range authorized for Carrigan, *see* USSG §§ 5D1.2(b), 7B1.3(g)(2), p.s., because we find his revocation sentence otherwise procedurally unreasonable, we have no occasion to address whether the supervised release portion is otherwise procedurally unreasonable. We also have no occasion to address the substantive reasonableness of the supervised release portion of the sentence. *See United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019).

Next, we review de novo whether there is reversible error here under *Rogers* and *Singletary*. *United States v. Cisson*, 33 F.4th 185, 193 (4th Cir. 2022). In *Rogers*, this court held that a district court must orally pronounce all discretionary conditions of supervised release at the defendant's sentencing hearing. 961 F.3d at 296-99. Discretionary conditions of supervised release that appear for the first time in a written judgment are nullities; a defendant has not been sentenced to those conditions, warranting vacatur and a remand for resentencing. *Singletary*, 984 F.3d at 344, 346 & n.4 (stating that remedy for *Rogers* error "is to vacate the sentence and remand for the district court to resentence" defendant and rejecting Government's contention that vacatur should be limited to supervised release portion of sentence).

Carrigan asserts in his supplemental brief that reversible error under *Rogers* and *Singletary* is present because the district court erroneously imposed a prohibition on viewing adult pornography as a condition of supervised release that it both failed to orally pronounce or include in the written judgment. However, because the claimed prohibition on the viewing of this pornography was neither orally pronounced as a condition of

supervision nor included in the written judgment, Carrigan's claim of reversible error under *Rogers* and *Singletary* is without merit.

In accordance with *Anders*, we also have reviewed the entire record in this case and have found no meritorious grounds for appeal. We thus affirm the revocation of Carrigan's supervised release, vacate his sentence, and remand for resentencing.[*] In so doing, we express no opinion as to the appropriate length of Carrigan's revocation sentence.

This court requires that counsel inform Carrigan, in writing, of the right to petition the Supreme Court of the United States for further review. If Carrigan requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Carrigan.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART, AND REMANDED*

---

[*] Carrigan's release from prison during the pendency of this appeal neither moots his sentencing challenges nor eliminates the need for resentencing. *See United States v. Ketter*, 908 F.3d 61, 65-66 (4th Cir. 2018).

6